### ROCK *v.* RETSOFF MIN. Co.

#### (*Supreme Court, General Term, Fifth Department.* October, 1891.)

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

While employed as brakeman on defendant's railroad plaintiff was knocked from the top of a box-car by a trestle under which the car was passing. The space between the trestle and the running board of the cars commonly used was 5 feet 7½ inches, and plaintiff was 5 feet 8 inches in height, but by stepping off of the running board to one side of the car plaintiff could pass under the trestle standing erect. The car on which plaintiff was injured was higher than the ordinary car, leaving a space of but 4 feet 5½ inches between the running board and the trestle. The larger car had been in use to some extent to plaintiff's knowledge for three months before the accident, and plaintiff was familiar with the situation. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from circuit court, Livingston county.

Action by Edward Rock against the Retsoff Mining Company to recover for personal injury. From a judgment dismissing complaint and denying motion for new trial plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*S. Hubbard,* for appellant. *J. R. Strang,* for respondent.

DWIGHT, P. J. The plaintiff was a brakeman, employed by the defendant on its railroad, two miles in length, running from its salt mine in the town of York, in Livingston county, to a station on the Western New York & Pennvania Railroad, at Piffard. The defendant had but one locomotive engine and one crew, or set of hands, which ran back and forth several times each day from the mine to the railroad station, taking empty cars, furnished by the railroad company, one way, and the same cars, loaded with salt, the other way. The crew consisted of an engineer and fireman, a conductor and two brakemen, of whom the plaintiff was one from December 16, 1887, to May 9, 1888, when the accident occurred which is the subject of this action. This consisted of his being knocked from the top of a box-car by coming in contact with an overhead trestle connected with defendant's works. The trestle had been maintained in the same form during the whole period of the plaintiff's employment. It ran from the third story of the principal building to the ground on the west, and supported a track on which small cars were run up and down by cable. Under it a track was laid, on which freight-cars were drawn back and forth for the purpose of storage and for switching. The bottom of the trestle was 15 feet 10 inches above the west rail of this track, and 17 feet and 9 inches above the east rail; from which it follows that it was 16 feet and 9½ inches above the same level at the middle of the track. The ordinary box-cars which were furnished to the defendant by the railroad company down to about the 20th of February were about 11 feet 2 inches from the top of the rail to the top of the running board in the middle of the roof. This gave a space between the running board of the common

cars and the bottom of the trestle of only 5 feet 7½ inches, which was less than the height of the plaintiff, viz., 5 feet 8 inches. From the running board the roof of the car sloped either way, so that on the east side of the car, or that next the building, there was ample room for a man even taller than the plaintiff to stand erect and pass under the trestle. The plaintiff testifies that he had been in the habit of passing under that trestle from 6 to 12 times a day on box-cars; that he was always on top of the cars, and generally standing erect; that he had been under the trestle, standing erect, half a dozen times a day, and never to his knowledge was required to stoop to get through. It would seem, therefore, that it must have been his habit, even on the ordinary box-car, to stand off from the running board, and on the side of the roof next the building. But on the occasion of the accident the car was more than a foot higher than the ordinary box-cars mentioned above, being 12 feet 4 inches from the top of the rail to the top of the running board, leaving a space of only 4 feet 5½ inches between the running board and the trestle; and the plaintiff stood upright on the running board, with his back to the trestle, as his car approached it. We think the statement demonstrates a degree of negligence on his part which plainly justified the dismissal of the complaint, whatever negligence was chargeable upon the defendant. The plaintiff was perfectly familiar with the situation. He knew from the daily experience of five months that there was nothing to spare between the running board, even of the common cars, and the trestle. He knew that the large cars had been in use to some extent for three months, and that they were much higher than the common cars. If he had ever passed under the trestle, upon one of them he must have learned that he could not stand upright, even on the side next the building, and he was one of only two brakeman who operated those cars during the three months they had been in use. On this occasion he approached the car on the foot-board of the engine for the purpose of coupling the two together, and, having done so, he mounted the car by the ladder on the end next the engine, and passed along the running board to the other end, to loosen the brake. In doing all this there was everything to remind him that the car was one of the large ones. Those cars were all new, and newly painted. Their greater height was plainly perceptible, even to a casual observer. The plaintiff himself says that when he loosened the brake he found it stiff, because it was a new car; and yet, as soon as he had loosened the brake, he stepped up onto the running board, and stood erect, with his back to the trestle; and he must have been struck by it well down about his shoulders. It is difficult to believe that he could have been so inattentive to his own safety, even if he had supposed that he was on one of the old cars; but such is his own testimony, and, under all the circumstances of this case, it left the conclusion of contributory negligence unavoidable. The complaint was properly dismissed, and the judgment must be affirmed. Judgment and order appealed from affirmed. All concur.